The plaintiff's mortgage was not extinguished by her intermarriage with her debtor, the defendant, Power. The act of 1848 preserves the rights which women have in their property when they marry; and, in this case, it prevents the extinguishment of the debt and of the security which would, according to the rules of the common law, have taken place upon the intermarriage of the male debtor with his female creditor. (Laws of 1848, p. 307, § 1.)
But, upon the other point, I am of opinion with the defendant. Independently of the reported case which has been produced, I should have thought it a very plain proposition that a conveyance of land which had been mortgaged, executed by mortgagor and mortgagee, would pass to the grantee the whole title which both had in the land. But it must be admitted that, in Aymar v.Bill (5 John. Ch., 570), the contrary was decided in a case precisely like the present, so far as this question is concerned, except that the mortgage held by one of the grantors against the other was not forfeited by non-payment when they joined in the subsequent mortgage to the plaintiff. I do not pretend that this creates any real distinction between the cases; but it affords some evidence that the Chancellor (KENT), usually so accurate, had not examined the question with his usual attention, for he carefully distinguishes the case before him from one in which the mortgage debt payable to the grantor was past due.
But a contrary adjudication has been since made by Chancellor WALWORTH, in Williams v. Thorn (11 Paige, 459). It was there laid down and adjudged, in a case presenting the precise question, that a mortgagor of premises, who himself holds a prior mortgage, cannot set up such prior mortgage, or any interest he has acquired under the same, against his own mortgagee, or against any person claiming under him. The judgment is not it is true, sustained by any reasoning on the *Page 537 
part of the court, nor is the prior case of Aymar v. Bill
referred to; but the principle is stated as though it were one respecting which no question could be entertained. This being the last precedent, I should be inclined to follow it upon the mere ground of authority. But, in my opinion, it is the only aspect in which the subject is capable of being viewed, without wholly overlooking general principles universally recognized.
It is very familiar law that, if a party, seised of an estate of inheritance in land, is also entitled to a charge upon it, the charge will be extinguished unless he does some act for keeping it on foot, or unless it is for his interest to prevent a merger. Here, Lester, by force of the mortgage to him, united in himself the estate which Power had as general owner, and his charge or lien outstanding in the hands of Mrs. Power, the plaintiff. True, the interest thus conveyed to him was subject to be defeated by the performance of the condition contained in the mortgage; but, as between himself and his mortgagors, he was technically seised of the land. Lester had no possible motive for keeping the estate and the lien separate, and he did no act evincive of an intention to do so. They therefore merged.
The mortgage of Power and his wife to Lester does not contain express words of release, but it is a conveyance by grant, according to the Revised Statutes. Such a conveyance, in my opinion, has the effect formerly attributed to the different words usually contained in deeds of bargain and sale, and of lease and release. (2 R.S., pp. 738, 739, §§ 137, 138, 142; id., p. 748, § 1.)
The fact that the plaintiff, when she executed the mortgage to Lester, was a married woman, makes no difference. By the act of 1848, before referred to, her real, as well as her personal property, was to continue her sole and separate property, notwithstanding her marriage, "as if she were a single female;" and, by that of 1849, she was made capable of conveying and devising property of both kinds, or any interest or estate therein in the same manner, and with the like effect as if she were unmarried. Having the general power to convey the whole fee or a less interest, there was nothing to prevent her *Page 538 
from making a conveyance upon condition, or from giving or joining in a mortgage as she did in the present case.
It is easy to see that the plaintiff might have joined in the mortgage to Lester without a knowledge of its effect. As the wife of Power, it would be natural that she should unite for the purpose of barring her inchoate right of dower. If it were shown that she signed and acknowledged the instrument for such a purpose only, or if the effect upon her prior lien, as mortgagee, were fraudulently concealed from her, she would doubtless be entitled to have the instrument amended in a suit brought for that purpose, on the ground of fraud or mistake. This, however, is not such a suit, and there is no evidence upon which an action of that kind could be sustained if brought. There is nothing in the terms of the mortgage to limit its effect to a release of dower. It is undeniable that if she had been the unqualified owner of the premises, the instrument is sufficient to create a mortgage upon them as against her. Her interest was a qualified and contingent one; and, a fortiori, it would be affected by an instrument which was of sufficient force to transfer the whole estate.
It is argued that the release by the plaintiff, contained in the mortgage to Lester, is void, because the latter had no estate upon which it could operate. But the same conveyance indisputably carried to Lester the estate of Power, the general owner of the land. Supposing the transfer of Power to take effect simultaneously with the release of the plaintiff, there was no lack of an estate in Lester to support the release of Mrs. Power.
I am in favor of reversing the judgment of the Supreme Court for the reasons thus briefly stated. As the evidence on both sides, so far as relates to the material question, is documentary, and it is clear that the plaintiff can never prevail against the effect of her own conveyance, I am also in favor of rendering final judgment against the plaintiff.
MASON, J., was also for reversal; SELDEN, J., expressed no opinion.
Judgment affirmed. *Page 539